# EXHIBIT 1

Hearing Date: 4/11/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A (Calendar Code: T)
Location: District 1 Court
Cook County, IL

FILED
2/20/2019 4:03 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L001692

FILED DATE: 2/20/2019 4:03 PM   2019L001692

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                    (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Colleen Coleman

(Name all parties)

v.

Cognizant Technology Solutions U.S.

c/o CT Corporation System, registered agent
208 S. LaSalle St, Suite 814
Chicago, IL 60604

Case No.  2019L001692

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**DIE DATE**
03/13/2019

**DOC.TYPE:** LAW
**CASE NUMBER:** 2019L001692
<u>**DEFENDANT**</u>                                    **SERVICE INF**
COGNIZANT TECHNOLOGY SOLUTIONS U C/O CT COR
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

**ATTACHED**



**Summons - Alias Summons**                                      **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

2/20/2019 4:03 PM DOROTHY BROWN

Atty. No.: 58960                          Witness: _____

Atty Name: Choate Herschman Levison, LLC

Atty. for: Plaintiff                      _____

Address: 401 S. LaSalle Street, Suite 1302G     DOROTHY BROWN, Clerk of Court

City: Chicago                             Date of Service: _____

State: IL   Zip: 60605                    (To be inserted by officer on copy left with

Telephone: 312.870.5800                   Defendant or other person):

Primary Email: bl@law-chl.com

FILED DATE: 2/20/2019 4:03 PM   2019L001692

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 2/20/2019 4:03 PM 2019L001692

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

◉ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Hearing Date: 4/11/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A (Calendar Code: T)
Location: District 1 Court
    Cook County, IL

FILED
2/20/2019 4:03 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L001692

FILED DATE: 2/20/2019 4:03 PM 2019L001692

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons              (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Colleen Coleman
_____
           (Name all parties)

v.

Case No.    2019L001692

Cognizant Technology Solutions U.S.
_____
c/o CT Corporation System, registered agent
208 S. LaSalle St, Suite 814
Chicago, IL 60604

☑ **SUMMONS**    ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons,** not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**



**DIE DATE**
03/13/2019

**DOC.TYPE:**   LAW
**CASE NUMBER:**   2019L001692
<u>**DEFENDANT**</u>                    **SERVICE INF**
COGNIZANT TECHNOLOGY SOLUTIONS U CSO CT COR
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

**ATTACHED**

**Summons - Alias Summons**      •    •      **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

2/20/2019 4:03 PM DOROTHY BROWN

Witness: _____

Atty. No.: 58960

Atty Name: Choate Herschman Levison, LLC

Atty. for: Plaintiff

Address: 401 S. LaSalle Street, Suite 1302G

City: Chicago

State: IL   Zip: 60605

Telephone: 312.870.5800

Primary Email: bl@law-chl.com

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 2/20/2019 4:03 PM   2019L001692

FILED DATE: 2/20/2019 4:03 PM   2019L001692

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

◉ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED
2/15/2019 1:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L001692

FILED DATE: 2/15/2019 1:04 PM   2019L001692

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| COLLEEN COLEMAN ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | **Jury Demand** |
| ) | |
| COGNIZANT TECHNOLOGY ) | |
| SOLUTIONS U.S. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AT LAW**

Collen Coleman, through her attorneys, Choate Herschman Levison, LLC for her

Complaint against Cognizant Technology Solutions U.S. states as follows:

**Nature of the Case**

1. This is an employment discrimination and retaliatory discharge case

brought pursuant to the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA")

and common law retaliatory discharge. Cognizant Technology Solutions U.S. violated the

IHRA and common law when it discriminated against Colleen Coleman and retaliated

against her for complaining about the discriminatory acts of her direct supervisor Ajay

Bhutoria.

**Parties**

2. Plaintiff Colleen Coleman("Plaintiff" or "Coleman") is an Illinois citizen

residing in Chicago, Illinois which is within this judicial circuit.

1

FILED DATE: 2/15/2019 1:04 PM    2019L001692

3.     Upon information and belief, Defendant Cognizant Technology Solutions U.S. ("Defendant" or "Cognizant") is a Delaware corporation with headquarters in Teaneck, New Jersey.

4.     At all relevant times, Cognizant had an office and employed individuals in Chicago, Illinois which is within this judicial circuit.

5.     For more than eleven years until her termination on September 28, 2018, Plaintiff was employed by Cognizant in Chicago, Illinois and at the time of her termination was the Vice President, Retail, Consumer Goods.

### Jurisdiction and Venue

6.     This Court has jurisdiction over this matter pursuant to section 2-209(a) of the Illinois Code of Civil Procedure because Cognizant committed tortious acts in Illinois and violated the IHRA as alleged herein.

7.     This Court has jurisdiction over this matter pursuant to section 2-209(b) of the Illinois Code of Civil Procedure because Coleman is a natural person domiciled in Illinois and Cognizant is doing business in Illinois.

8.     Venue is proper in the Circuit Court of Cook County, Illinois as Coleman is domiciled in Cook County, Illinois and Cognizant is doing business in Cook County, Illinois.

9.     Venue is also proper in this circuit court because the tortious acts and violations of the IHRA alleged herein occurred in Cook County, Illinois.

2

FILED DATE: 2/15/2019 1:04 PM    2019L001692

10.     Plaintiff has met the IHRA jurisdictional requirement in that she timey filed her charge of discrimination at the IHRA and opted out of the investigation process. A copy of her opt out notice is attached hereto and incorporated herein as Exhibit A.

### Factual Background

11.     Cognizant is a publicly traded company and Fortune 500 company that has an office in Chicago, Illinois.

12.     Per its website, Cognizant's Executive Leadership consists of eighteen (18) individuals.

13.     Only two (2) members of Cognizant's Executive Leadership are women, which represents less than 12% of its total corporate leadership.

14.     Eleven (11) members of Cognizant's Executive Leadership are Asian including, among others, its Chief Executive Officer & Vice Chair of Board of Directors, President and Chief Operating Officer.

15.     Both the Head of Global Delivery and the Head of Global Markets of Cognizant's Retail, Consumer Goods, Travel and Hospitality ("RCGTH") practice are Asian men.

16.     Ajay Bhutoria ("Bhutoria"), an Asian man, is Cognizant's Global Head, RCGTH.

17.     At all relevant time until her termination, Bhutoria was Plaintiff's direct supervisor.

18.     Coleman is a non-Asian woman over the age of 50.

3

FILED DATE: 2/15/2019 1:04 PM    2019L001692

19.     Coleman was employed by Cognizant for almost twelve years and worked at Cognizant's Chicago office in the RCGTH practice.

20.     During her tenure at Cognizant in the RCGTH practice, Coleman held various leadership roles at the company including the position of the Vice President, Retail, Consumer Goods.

21.     At all relevant times during her employment in the RCGTH practice, Coleman met Cognizant's legitimate expectations and performed as well as or better than other similarly situated RCGTH Strategic Business Unit ("SBU") Leads.

22.     Prior to her termination, Coleman was considered a top performer at Cognizant in the RCGTH practice as evidenced by, among other things, her performance as Walmart SBU Lead.  Under Coleman's leadership, the Walmart portfolio grew from $123 million in revenue to $182 million in revenue and the margin increased.

23.     In recognition of her outstanding work as Walmart SBU Lead, Coleman was promoted to Vice President, Retail, Consumer Goods.

24.     In January 2017, Bhutoria became Plaintiff's direct supervisor.

25.     In 2017 and 2018, Coleman was the only woman in a direct client relationship/delivery role that reported to Bhutoria.

26.     Shortly after he became her direct supervisor, Bhutoria began discriminating against Coleman because of her age, sex and race.

27.     Examples of Bhutoria's discriminatory animus towards Coleman included, among other things, the following:

    a.  Bhutoria would not shake Coleman's hand;

4

FILED DATE: 2/15/2019 1:04 PM    2019L001692

b. Bhutoria refused to look at Coleman when she spoke;

c. Bhutoria favored younger employees over Coleman;

d. Bhutoria favored male employees over Coleman;

e. Bhutoria favored Asian employees over Coleman; and,

f. Bhutoria excluded Coleman from weekly leadership calls for the RCGTH practice and otherwise denied her career advancement opportunities.

28.     Coleman asked on multiple occasions to be included in the weekly leadership calls but Bhutoria ignored those requests.

29.     Because Bhutoria ignored her requests, Coleman asked Chell Smith, who was a Senior Vice President at Cognizant and superior to Bhutoria, to intervene.

30.     Only after Chell Smith intervened did Bhutoria reluctantly allow Coleman to participate in the weekly leadership calls.

31.     Even after Chell Smith intervened, Bhutoria continued to discriminate against Coleman by underutilizing her and failing to give her enough work as compared to Bhutoria's other direct reports.

32.     Coleman raised her concerns about being underutilized with Bhutoria but again Bhutoria ignored Coleman's concerns.

33.     In 2017, the then RCGTH North Central SBU Lead, who directly reported to Bhutoria, was underperforming and ultimately replaced.

34.     At the time that the RCGTH North Central SBU Lead was replaced, Coleman was the most qualified and local candidate for that role.

5

FILED DATE: 2/15/2019 1:04 PM . 2019L001692

35.     Despite being the most qualified and local candidate for the position, Bhutoria did not offer Coleman the role of RCGTH North Central SBU Lead and instead Bhutoria gave the position to an Asian male employee who was both junior and younger than Coleman.

36.     After being passed over for RCGTH North Central SBU Lead, Coleman began looking within Cognizant for new roles outside Bhutoria's purview.

37.     Coleman reported to Vice President of Human Resources Lori Mullane and other human resources representatives that Bhutoria was discriminating and retaliating against her.

38.     In addition to reporting Bhutoria's discriminatory animus, Coleman requested other opportunities in Cognizant outside of RCGTH but Lori Mullane was unable to find another opportunity for Coleman because Bhutoria had damaged Coleman's reputation within Cognizant.

39.     Bhutoria continued to discriminate against Coleman. After she reported the unlawful discrimination, Bhutoria replaced Coleman in her role as WBA Transformation Partner without explanation.

40.     Coleman's performance in 2017 was the same or better than Bhutoria's other direct reports.

41.     Defendant informed Coleman that there was no role for her within the Company following Bhutoria's discriminatory decision to deny her a promotion.

FILED DATE: 2/15/2019 1:04 PM    2019L001692

42.     Because she met or exceeded all reasonable job expectations in her role as WBA Transformation Partner, Bhutoria's discriminatory animus towards Coleman is the only explanation for her being removed.

43.     The IHRA defines "unlawful discrimination" as "discrimination against a person because of his or her race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service as those terms are defined in this Section." 775 ILCS 5/1-103(Q).

44.     The IHRA defines "age" as "the chronological age of a person who is at least 40 years old." 775 ILCS 5/1-103(A).

45.     The IHRA proscribes that "it is a civil rights violation... for any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination." 775 ILCS 5/2-102(A).

46.     The IHRA further proscribes that "it is a civil rights violation for a person, or for two or more persons to conspire, to... retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment or sexual harassment in elementary, secondary, and higher education, discrimination based on citizenship status in employment, because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act, or because he

7

FILED DATE: 2/15/2019 1:04 PM   2019L001692

or she has requested, attempted to request, used, or attempted to use a reasonable accommodation as allowed by this Act." 775 ILCS 5/6-101(A).

### Count I
### Age Discrimination in Violation of 775 ILCS 5/2-102(A)

47.     Plaintiff incorporates and re-alleges Paragraphs 1 through 46 as Paragraph 47.

48.     Bhutoria treated Coleman differently as compared to younger employees.

49.     Bhutoria denied Coleman employment opportunities and otherwise discriminated against Coleman because she was over 40 years old.

50.     Despite Coleman's reports of Bhutoria's discriminatory acts and other wrongful conduct, Cognizant failed to take any action whatsoever to stop or correct Bhutoria's illegal conduct.

51.     Cognizant is liable for the acts of Bhutoria that he committed in the course of his employment including, but not limited to, the discriminatory acts and other wrongful conduct Bhutoria perpetrated against Coleman, including her discharge.

52.     The acts of Bhutoria and Cognizant constitute a civil rights violation for age discrimination as defined by the IHRA.

53.     Because Bhutoria committed a civil rights violation against her, Coleman is entitled to an award against Cognizant equal to the actual and punitive damages she suffered as a result of the age discrimination as well as her attorneys fees, costs and interest as allowed by law.

8

FILED DATE: 2/15/2019 1:04 PM   2019L001692

WHEREFORE Plaintiff Colleen Coleman respectfully requests that this Honorable the Court enter judgment on Count I in her favor and against Defendant Cognizant Technology Solutions U.S., award Plaintiff a monetary judgment for all actual and punitive damages, plus attorneys fees, costs and interest as allowed by law, and any other relief this Court deems just and necessary.

## Count II
### Sex Discrimination in Violation of 775 ILCS 5/2-102(A)

54.     Plaintiff incorporates and re-alleges Paragraphs 1 through 46 as Paragraph 54.

55.     Bhutoria treated Coleman differently as compared to male employees.

56.     Bhutoria denied Coleman employment opportunities and otherwise discriminated against Coleman because she is woman.

57.     Despite Coleman's reports of Bhutoria's discriminatory acts and other wrongful conduct, Cognizant failed to take any action whatsoever to stop or correct Bhutoria's illegal conduct.

58.     Cognizant is liable for the acts of Bhutoria that he committed in the course of his employment including, but not limited to, the discriminatory acts and other wrongful conduct Bhutoria perpetrated against Coleman, including her discharge.

59.     The acts of Bhutoria constitute a civil rights violation for sex discrimination as defined by the IHRA.

60.     Because Bhutoria committed a civil rights violation against her, Coleman is entitled to an award against Cognizant equal to the actual and punitive damages she

FILED DATE: 2/15/2019 1:04 PM  2019L001692

suffered as a result of the age discrimination as well as her attorneys fees, costs and interest as allowed by law.

WHEREFORE Plaintiff Colleen Coleman respectfully requests that this Honorable the Court enter judgment on Count II in her favor and against Defendant Cognizant Technology Solutions U.S., award Plaintiff a monetary judgment for all actual and punitive damages, plus attorneys fees, costs and interest as allowed by law, and any other relief this Court deems just and necessary.

## Count III
## Race Discrimination in Violation of 775 ILCS 5/2-102(A)

61.     Plaintiff incorporates and re-alleges Paragraphs 1 through 46 as Paragraph 61.

62.     Bhutoria treated Coleman differently as compared to Asian employees.

63.     Bhutoria denied Coleman employment opportunities and otherwise discriminated against Coleman because she is not Asian.

64.     Despite Coleman's reports of Bhutoria's discriminatory acts and other wrongful conduct, Cognizant failed to take any action whatsoever to stop or correct Bhutoria's illegal conduct.

65.     Cognizant is liable for the acts of Bhutoria that he committed in the course of his employment including, but not limited to, the discriminatory acts and other wrongful conduct Bhutoria perpetrated against Coleman.

66.     The acts of Bhutoria constitute a civil rights violation for race discrimination as defined by the IHRA.

10

FILED DATE: 2/15/2019 1:04 PM   2019L001692

67.    Because Bhutoria committed a civil rights violation against her, Coleman is entitled to an award against Cognizant equal to the actual and punitive damages she suffered as a result of the age discrimination as well as her attorneys fees, costs and interest as allowed by law.

WHEREFORE Plaintiff Colleen Coleman respectfully requests that this Honorable the Court enter judgment on Count III in her favor and against Defendant Cognizant Technology Solutions U.S., award Plaintiff a monetary judgment for all actual and punitive damages, plus attorneys fees, costs and interest as allowed by law, and any other relief this Court deems just and necessary.

### Count IV
### National Origin in Violation of 775 ILCS 5/2-102(A)

68.    Plaintiff incorporates and re-alleges Paragraphs 1 through 46 as Paragraph 68.

69.    Bhutoria treated Coleman differently as compared to Asian employees and/or employees of Asian ancestry.

70.    Bhutoria denied Coleman employment opportunities and otherwise discriminated against Coleman because she is neither Asian nor of Asian ancestry.

71.    Despite Coleman's reports of Bhutoria's discriminatory acts and other wrongful conduct, Cognizant failed to take any action whatsoever to stop or correct Bhutoria's illegal conduct.

72.     Cognizant is liable for the acts of Bhutoria that he committed in the course of his employment including, but not limited to, the discriminatory acts and other wrongful conduct Bhutoria perpetrated against Coleman.

73.     The acts of Bhutoria constitute a civil rights violation for national origin discrimination as defined by the IHRA.

74.     Because Bhutoria committed a civil rights violation against her, Coleman is entitled to an award against Cognizant equal to the actual and punitive damages she suffered as a result of the age discrimination as well as her attorneys fees, costs and interest as allowed by law.

WHEREFORE Plaintiff Colleen Coleman respectfully requests that this Honorable the Court enter judgment on Count IV in her favor and against Defendant Cognizant Technology Solutions U.S., award Plaintiff a monetary judgment for all actual and punitive damages, plus attorneys fees, costs and interest as allowed by law, and any other relief this Court deems just and necessary.

### Count V
### Retaliation in Violation of 775 ILCS 5/6-101(A)

75.     Plaintiff incorporates and re-alleges Paragraphs 1 through 46 as Paragraph 75.

76.     Bhutoria discriminated against Coleman denying her employment opportunities and otherwise mistreating her.

FILED DATE: 2/15/2019 1:04 PM    2019L001692

77.    Despite Coleman's reports of Bhutoria's discriminatory acts and other wrongful conduct, Cognizant failed to take any action whatsoever to stop or correct Bhutoria's illegal conduct.

78.    The acts of Bhutoria constitute a civil rights violation for age, sex and/or race discrimination as defined by the IHRA.

79.    Cognizant never disciplined Bhutoria for violating Coleman's civil rights.

80.    Rather than investigating or disciplining Bhutoria, Cognizant terminated Coleman for reporting the civil rights violations being committed against her.

81.    Cognizant terminated Coleman in retaliation for complaining about Bhutoria's discriminatory conduct in violation of the IHRA.

82.    Because Cognizant retaliated against her for complaining about violations of her civil rights, Coleman is entitled to an award against Cognizant equal to the actual and punitive damages she suffered as a result of the age discrimination as well as her attorneys fees, costs and interest as allowed by law.

WHEREFORE Plaintiff Colleen Coleman respectfully requests that this Honorable the Court enter judgment on Count V in her favor and against Defendant Cognizant Technology Solutions U.S., award Plaintiff a monetary judgment for all actual and punitive damages, plus attorneys fees, costs and interest as allowed by law, and any other relief this Court deems just and necessary.

13

FILED DATE: 2/15/2019 1:04 PM    2019L001692

**Count VI**
**Common Law Retaliatory Discharge**

83.     Plaintiff incorporates and re-alleges Paragraphs 1 through 46 as Paragraph 83.

84.     Bhutoria discriminated against Coleman denying her employment opportunities and otherwise mistreating her.

85.     Despite Coleman's reports of Bhutoria's discriminatory acts and other wrongful conduct, Cognizant failed to take any action whatsoever to stop or correct Bhutoria's illegal conduct.

86.     The acts of Bhutoria constitute a civil rights violation for age, sex, race and/or national origin discrimination as defined by the IHRA.

87.     It is the clearly mandated public policy of Illinois "to secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations." 775 ILCS 5/1-103(A).

88.     Cognizant never disciplined Bhutoria for violating Coleman's civil rights and otherwise discriminating against Coleman.

14

FILED DATE: 2/15/2019 1:04 PM    2019L001692

89.    Rather than investigating or disciplining Bhutoria, Cognizant terminated Coleman for reporting the civil rights violations and discrimination being committed against her.

90.    Cognizant terminated Coleman in retaliation for complaining about Bhutoria's discriminatory conduct.

91.    Because Cognizant retaliated against her for complaining about violations of a clearly mandated public, Coleman is entitled to an award against Cognizant equal to the actual and punitive damages she suffered as a result of the age discrimination as well as her attorneys fees, costs and interest as allowed by law.

WHEREFORE Plaintiff Colleen Coleman respectfully requests that this Honorable the Court enter judgment on Count VI in her favor and against Defendant Cognizant Technology Solutions U.S., award Plaintiff a monetary judgment for all actual and punitive damages, plus attorneys fees, costs and interest as allowed by law, and any other relief this Court deems just and necessary.

FILED DATE: 2/15/2019 1:04 PM    2019L001692

## Jury Demand

Plaintiff demands a jury trial.

Dated: February 15, 2019

By:     */s/ Bradley Levison*
        Bradley S. Levison
        Carrie A. Herschman
        CHOATE HERSCHMAN LEVISON, LLC
        401 S. LaSalle St., Ste. 1302G
        Chicago, IL  60605
        T: (312) 870-5800 / F: (312) 674-7421
        bl@law-chl.com
        ch@law-chl.com
        Atty. No.: 58960

        ATTORNEYS FOR PLAINTIFF

FILED DATE: 2/15/2019 1:04 PM   2019L001692

FILED
2/15/2019 1:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L001692

### STATE OF ILLINOIS
### DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:      )

**Colleen Coleman**      )
              , )
               )
    COMPLAINANT,  )   CHARGE NO.: 2019-CA-0977
               )
AND          )
               )   EEOC NO: 21-BA-90364
**Cognizant Technology Solutions U.S.** )
               )
               )
    RESPONDENT.   )

> # EXHIBIT
> # A

### OPT OUT REQUEST FORM

I hereby request to opt out of the investigation and administrative processing of my charge filed against the above named Respondent with the Illinois Department of Human Rights ("IDHR") (Charge Number 2019-CA-0977 ) and the Federal Equal Employment Opportunity Commission (Charge Number 21-BA-90364 ) if applicable.

I request that the Director of IDHR issue a Notice of Opt Out of IDHR's Investigation and Administrative Process, and of Right to Commence an Action in Circuit Court ("Notice of Opt Out").

I acknowledge that by signing this form and requesting to opt out of IDHR's investigation, I have 90 days from the receipt of the Notice of Opt Out to commence an action in the Circuit Court, and that if I commence an action in the Circuit Court, IDHR will cease its investigation and dismiss my charge of discrimination.

_____
Signature

1 / 3 / 19
_____
Date

7 Opt Out Request Form.docm
D/F 8/24/18+
9/18

> **Dept. of Human Rights
> INTAKE UNIT**
>
> JAN 1 5 2019
>
> **RECEIVED**